# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| STEPHEN E. JOHNSON, | ) CASE NO. 1:21 CV 517 |
| Plaintiff, | ) JUDGE DAN AARON POLSTER |
| vs. | ) MEMORANDUM OPINION |
| | ) AND ORDER |
| CUYAHOGA COUNTY CSEA, et al., | ) |
| Defendants. | ) |

*Pro se* Plaintiff Stephen E. Johnson brings this civil rights action against the following defendants: Cuyahoga County CSEA; Common Pleas Court Juvenile Division; Judge Denise N. Rini; and Magistrate Ellen M. Leonetti (Doc. No. 1).

For the reasons that follow, Plaintiff's complaint is dismissed.

## I. Background

Plaintiff's Complaint contains disjointed, conclusory statements of law and very few factual details, but it appears to be an attempt to challenge state court orders requiring Plaintiff to pay child support and the purported garnishment of his disability wages. Plaintiff alleges that Defendant Cuyahoga County's Child Support Enforcement Agency has been unjustly enriched by "profiting 2% of [Plaintiff's] disability wages." (Doc. No. 1 at 3). He also alleges that Defendants' "fraudulent practices, rulings, [and] unjust court procedures by ignoring obvious adjudicated facts and doctors orders that go against free will of disabled Americans" have

violated his due process and equal protection rights. (*Id.* at 3-4). Finally, Plaintiff alleges that Defendants have conspired against him by "fail[ing] to stop unconstitutional proceedings." (*Id.* at 4).

He cites "42 U.S.C. § 1983 through § 1986," 42 U.S.C. § 408(a)(8), 18 U.S.C. § 241, and 42 U.S.C. § 666(a)(5)(D)(iii) as jurisdictional grounds for his Complaint. Plaintiff seeks declaratory, injunctive relief, and monetary relief.

## II. Standard of Review

By separate order, the Court has granted this *pro se* plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2). Accordingly, because Johnson is proceeding *in forma pauperis*, his Complaint is before the Court for initial screening under 28 U.S.C. § 1915(e)(2). Under this statute, the Court is expressly required to review all *in forma pauperis* actions and to dismiss before service any such action the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

To survive scrutiny under 28 U.S.C. § 1915(e)(2), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See id.* at 471 (holding that the Fed. R. Civ. P. 12(b)(6) dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) governs dismissals under § 1915(e)(2)(B)). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (citations omitted). The plaintiff must provide more than "an

unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

*Pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed.2d 652 (1972). Courts are not required, however, to accept as true factual allegations that are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).

A claim has facial plausibility when there is enough factual content present to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When a claim lacks "plausibility in th[e] complaint," that cause of action fails to state a claim upon which relief can be granted. *Twombly*, 550 U.S. at 564.

When reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197). The Court is not required, however, to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

### III. Law and Analysis

**A. Proper Parties and Immunity**

As an initial matter, Defendants Cuyahoga County CSEA and the Court of Common Pleas, Juvenile Division are not *sui juris* and therefore cannot be sued. Capacity to sue or be

sued is determined by the law of the state in which the district court sits. Fed. R. Civ. P. 17(b)(3). Under Ohio law, "[a]bsent express statutory authority, a court can neither sue nor be sued in its own right." *Malone v. Court of Common Pleas of Cuyahoga Cty., Oh.*, 45 Ohio St. 2d 245, 344 N.E.2d 126, 128 (Ohio 1976). Likewise, sub-units of government also lack capacity to sue or be sued. *See Rose v. Dep't of Children & Family Servs.*, No. 19 CV 127, 2019 U.S. Dist. LEXIS 82054, at *4 (N.D. Ohio May 15, 2019) (Cuyahoga County Department of Children and Family Services is not sui juris and cannot be sued in its own right) (collecting cases). Moreover, the Eleventh Amendment is an absolute bar to the imposition of liability upon states and their agencies, such as the CSEA. *Cikraji v. Messerman*, N.D.Ohio No. 1:13CV2059, 2014 U.S. Dist. LEXIS 90589, at *13 (June 30, 2014) (citing *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985)).

Plaintiff's claims against Cuyahoga County CSEA and the Common Pleas Court, Juvenile Division are therefore dismissed.

Additionally, Judge Denise N. Rini and Magistrate Ellen M. Leonetti are entitled to absolute immunity. Judicial officers generally are absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only when (1) the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) the conduct alleged, although judicial in nature, is

taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. A judge will be not deprived of immunity even if the action at issue was performed in error, done maliciously, or was in excess of his or her authority. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Here, it appears that Plaintiff is challenging judicial actions taken against him pursuant to court orders issued by Judge Rini and/or Magistrate Leonetti. Both judicial officers are therefore entitled to absolute judicial immunity to the extent plaintiff seeks monetary relief. *See Murphy v. Northwestern School Dist.*, N.D.Ohio No. 5:12 CV 2429, 2013 U.S. Dist. LEXIS 52283, at *16 (Apr. 9, 2013) ("The issuance of judicial orders pertaining to custody, child support, and the issuance of temporary restraining orders are all actions normally performed by common pleas court judges" and therefore judicial immunity applies.).

**B. Jurisdiction**

Plaintiff cites 42 U.S.C. § 666 as a basis for jurisdiction; however, this section offers no basis for Plaintiff's claims. Section 666 provides for jurisdiction in the district courts "to hear and determine any civil action certified by the Secretary of Health and Human Services under section 652(a)(8) of this title." There is no such certification shown here and the Secretary is not a party to this action.

**C. Federal Civil Rights Statutes**

Plaintiff claims that "[a]ccording to 42 U.S.C. § 1983 through 42 U.S.C. § 1986" his "due process and equal protection rights were violated." (*See* Doc. No. 1 at 3). In support, Plaintiff contends that Defendants engaged in "fraudulent practices, rulings, unjust court

procedures...". (*Id.* at 3-4).

## 1. 42 U.S.C. § 1983

To state a claim under § 1983, Plaintiff must allege that a person acting under state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42 (1988). To the extent that Plaintiff's claims against Cuyahoga County CSEA and the Common Pleas Court, Juvenile Division can be construed as claims against Cuyahoga County, he fails to state a cognizable claim. The County is only liable under § 1983 when the local government's policy or custom results in the alleged injury. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Plaintiff does not claim that any customs or policies of Cuyahoga County caused his injuries. (*See* Doc. No. 1 at 3-5).

Moreover, to the extent Plaintiff's claims assert § 1983 violations based on purely state law issues, he cannot establish the first element of a § 1983 claim. Section 1983's reach is "limited to deprivations of federal statutory and constitutional rights. It does not cover official conduct that allegedly violates state law." *Neinast v. Bd. of Trs. of the Columbus Metro. Library*, 346 F.3d 585, 597 (6th Cir. 2003) (internal quotation marks and citation omitted).

### a. Due Process

To the extent that Plaintiff claims Defendants have violated his due process rights, his claim fails. To prevail on a procedural due process claim, a plaintiff must plead and prove either (1) that he was deprived of property as a result of an established state procedure that itself violates due process rights; or (2) that the defendant deprived him of a protected liberty or property interest pursuant to a random and unauthorized act and available state remedies would not be adequate to redress the deprivation of property. *Jefferson v. Jefferson Cty. Pub. Sch. Sys.*,

360 F.3d 583, 588 (6th Cir. 2004); *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991); *see Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983). The plaintiff bears the burden of demonstrating that state remedies for redressing the alleged wrong are inadequate. *Vicory*, 721 F.2d at 1066 ("In a procedural due process case under section 1983, the plaintiff must attack the state's corrective procedure as well as the substantive wrong.").

Plaintiff's single allegation that his due process rights were violated by Defendants' "fraudulent practices, rulings, unjust court procedures" is too vague or conclusory to state a sufficient due process claim. *See Pelmear v. O'Connor*, No. 3:18-cv-01480, 2018 U.S. Dist. LEXIS 154665, at *32 (N.D. Ohio Sept. 11, 2018) (finding plaintiff's allegations that judges issued improper rulings insufficient to state a due process violation). Moreover, as previously discussed, Judge Rini and Magistrate Leonetti enjoy absolute immunity for judicial actions taken against Plaintiff.

**b. Equal Protection**

In an equally conclusory fashion, Plaintiff contends that Defendants' "fraudulent practices, rulings, unjust court procedures" were a violation of his equal protection rights. The Equal Protection Clause prohibits discrimination by government actors that either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005). The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006).

Plaintiff does not specify the basis upon which he claims he is being discriminated

against. He notes in his Complaint that he is a "disabled American," but he fails to assert facts to suggest that a discrimination of some substance has occurred against him which has not occurred against other individuals who were similarly situated. Plaintiff therefore fails to state a cognizable equal protection claim.

**2. 42 U.S.C. §§ 1984-1986**

Plaintiff appears to also allege that Defendants conspired to deprive him of his due process and equal protection rights, citing "42 U.S.C. § 1983 through § 1986."[1]

To establish a conspiracy under § 1985, a plaintiff must show that (1) the defendants conspired together for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; (2) the defendants committed an act in furtherance of the conspiracy which caused injury to person or property or a deprivation of any right or privilege of a citizen of the United States; and (3) the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus. *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999); *Baseball at Trotwood, LLC v. Dayton Prof'l Baseball Club*, LLC, 204 F. App'x 528, 539 (6th Cir. 2006). Section 1986 imposes liability on anyone who has knowledge of a conspiracy under § 1985, and the power to prevent the commission of that conspiracy, yet neglects or refuses to do so. *See, e.g., Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005).

In support of his conspiracy claim under the above federal civil rights statutes, Plaintiff merely cites the sections of the United States Code concerning conspiracy and he states that his

---

[1] Section 1984 has been omitted from the United States Code. *See* 42 U.S.C. § 1984.

-8-

due process and equal protection rights were violated. These vague and conclusory references to a conspiracy lack sufficient facts suggesting a conspiracy and therefore fail to state a claim under §§ 1985 and 1986.

**D. 18 U.S.C. § 241 and 42 U.S.C. § 408**

Plaintiff summarily alleges that Defendants' "failure to stop unconstitutional proceedings is a conspiracy against Plaintiff's rights according to 18 U.S.C. § 241." Section 241, conspiracy to deny civil rights, is a criminal statute and provides no cause of action to civil plaintiffs. *Bey v. Ohio*, No. 1:11 CV 1306, 2011 U.S. Dist. LEXIS 119867, *3 (N.D. Ohio Oct. 17, 2011) (citing *U.S. v. Oguaju*, 76 F. App'x. 579 (6th Cir. 2003)).

Plaintiff also states that he never consented to disclose his social security number to third parties, and he cites 42 U.S.C. § 408(a)(8). Like 18 U.S.C. § 241, 42 U.S.C. § 408(a)(8) is a criminal statute that provides penalties for certain acts, namely disclosing an individual's social security number in violation of the laws of the United States, and does not provide a basis for a private civil cause of action. *Duncan v. Cone*, 6th Cir. No. 00-5705, 2000 U.S. App. LEXIS 33221, at *3 (Dec. 7, 2000) (citing *Linda R. S. v. Richard D.*, 410 U.S. 614, 619, 35 L. Ed. 2d 536, 93 S. Ct. 1146 (1973) (private citizens lack a judicially cognizable interest in the criminal prosecution of another)) ; *Alexander v. Washington Gas Light Co.*, 481 F.Supp.2d 16, 33 (D.D.C.2006); *see Cogdell v. Cogdell*, No. 3:17-cv-00795 (SRU), 2018 U.S. Dist. LEXIS 18304, at *6 (D.Conn. Feb. 5, 2018) ("Courts agree that section 408 only establishes criminal penalties and does not provide a basis for a private civil cause of action.")(collecting cases).

Therefore, to the extent Plaintiff is attempting to bring criminal charges against Defendants, he cannot proceed. Criminal actions in the federal courts are initiated by the United

States Attorney, not by private plaintiffs. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c).

**E. Barred Claims**

It appears that Plaintiff challenges child support proceedings in the Court of Common Pleas, Juvenile Division. Plaintiff states that Defendant Cuyahoga County CSEA "garnished and continues to garnish" his disability wages, presumably pursuant to a court order, and Judge Rini adopted Magistrate Leonetti's decision. Plaintiff also states that the state court of appeals affirmed the decision and the Ohio Supreme Court declined jurisdiction. (*See* Doc. No. 1 at 3).

Upon review, the Court finds that notwithstanding judicial immunity, Plaintiff's claims are barred by Plaintiff's prior state-court actions.

**1. Res Judicata**

The common law rules of res judicata and collateral estoppel preclude a plaintiff from filing a federal civil rights action to relitigate matters that already have been decided in state-court proceedings. *Allen v. McCurry*, 449 U.S. 90, 96-97, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). Under res judicata, a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action. *Id.* at 94. Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case. *Id.* And federal courts are required by statute to give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state. 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007).

To the extent Plaintiff seeks to relitigate claims concerning the purported child support proceedings, those claims are precluded by res judicata, as they were raised or could have been

raised in the state court proceedings and resulted in final judgment.

**2. Rooker-Feldman Doctrine**

Plaintiff's claims are also barred under the Rooker-Feldman doctrine.

Under 28 U.S.C. § 1257, final judgments of state courts are entitled to receive full faith and credit from federal courts, and lower federal courts lack jurisdiction to review state-court decisions since only the Supreme Court has jurisdiction to review such claims. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923). Based on this premise, the Rooker-Feldman doctrine precludes federal district courts from asserting jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005).

To the extent that Plaintiff is seeking to be relieved of the consequences of the state proceedings concerning child support and garnishment of his disability wages, this Court lacks jurisdiction over his claim.

**F. State Law Claims**

Finally, Plaintiff appears to claim Defendant Cuyahoga County CSEA has been unjustly enriched by its actions. Because Plaintiff's Complaint does not allege any cognizable federal claim, the Court declines to exercise supplemental jurisdiction over any state-law claim Plaintiff may also be attempting to assert. *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("[A] federal court that has dismissed a plaintiff's federal-law claims should not

ordinarily reach the plaintiff's state-law claims.") (citing among authority 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)).

Accordingly, to the extent that Plaintiff has asserted state law claims, those claims are dismissed without prejudice. *Bullock v. City of Covington*, 698 F. App'x 305, 307 (6th Cir. 2017) ("Normally, when a court declines to exercise supplemental jurisdiction, the court dismisses the [state] claims without prejudice.") (citations omitted).

### IV. Conclusion

For the foregoing reasons, Plaintiff's claims are dismissed pursuant to 28 U.S.C. § 1915(e). Plaintiff's Motion to File Electronic Pleadings (Doc. No. 3) is denied as moot.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

      */s/ Dan Aaron Polster 7/7/21*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**